MAKI v. HOUGHTON, BARAGA AND ONTONAGON FARMERS'
MUTUAL FIRE INSURANCE CO.

INSURANCE—FIRE LOSS—INSANITY—QUESTION FOR JURY.

In action by administratrix of deceased insured's estate for
fire loss, question of his insane condition at time he set fire
to his farm home and other buildings *held*, properly left to
jury under evidence submitted.

Appeal from Houghton; Stone (John G.), J. Submitted October 14, 1936. (Docket No. 94, Calendar No. 39,163.) Decided December 9, 1936.

Assumpsit by Minnie Maki, administratrix of the estate of Herman Maki, deceased, against the Houghton, Baraga and Ontonagon Farmers' Mutual Fire Insurance Company, a Michigan corporation, on an insurance policy. From verdict and judgment for plaintiff, defendant appeals. Affirmed.

*J. W. Hirvela* (*B. H. T. Burritt,* of counsel), for plaintiff.

*Louis A. Keary* (*Frank C. Condon,* of counsel), for defendant.

FEAD, J. Plaintiff had verdict of a jury and judgment on a fire insurance policy. The fire occurred March 4, 1935, was set by the insured, Herman Maki, and destroyed the dwelling house, barns, other buildings and personal property. The only question briefed is whether there was testimony supporting

the claim that Maki was insane at the time he set the fire.

There is testimony that, after serving a term of nine months in the State prison at Marquette, Maki returned home Christmas Eve, 1934; he found his wife at a neighbor's and tried to choke her; she returned home January 1st; his conduct was such thereafter as to cause several witnesses to form the opinion that he was insane; he walked around talking to himself; he engaged in what appeared to be a personal quarrel with his brother who had been dead several years; he would threaten and shake his fists at and quarrel with absent persons as though they were present; he would sit for an hour or more at a time and stare fixedly, then he would jump up and down for a long time, without reason; he would sometimes walk all night, quarreling with his brother or others; he seemed to be under constant fear of something undisclosed; this continued during the whole interval between his return and the fire; the night before the fire he beat his wife; early the next morning he threatened to kill her; she went to a neighbor's house and called the sheriff; the sheriff reached the Maki home; he could not find Maki; he found Mrs. Maki at a neighbor's, and then returned to the Maki home; the sheriff saw a flicker of light through a window, went to the house and found it afire; he broke into an upper story window and discovered Maki and took him out; Maki was calling for help; his clothes were saturated with oil; when taken outside he attempted to break away from the sheriff and return to the house; on the way to the jail he talked constantly in Finnish, although none of the officers could understand him; while in jail he was quiet. He pleaded guilty to arson, was sentenced to a term of 10 to 20 years in prison, and a

few days later, on March 24th, he committed suicide by hanging himself in the county jail.

From this testimony it cannot be said, as a matter of law, that there was no evidence of Maki's insanity. The question was properly submitted to the jury.

Affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.